**FIDELITY & DEPOSIT CO. OF MARYLAND v. RISIEN et al. (No. 8760.)**

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1923.)

1. **Guardian and ward** ⬥64—Note by guardian and others to replace money converted binding on cosigners though not approved by probate court.

To make a note executed by a guardian and others to replace money converted by him binding on his cosigners, it need not be approved and accepted by or reported to the probate court.

2. **Bills and notes** ⬥92(1)—Note executed by guardian and others to replace money converted is supported by valid consideration.

A note, executed by a guardian and others to replace money converted by him, is supported by a valid consideration.

3. **Subrogation** ⬥7(4)—Surety on guardian's bond held subrogated to ward's right to sue on note executed by guardian and others to replace money converted.

A note executed by a guardian and others to replace money converted by him being a part of the ward's estate, though he could not be forced to accept it in lieu of the guardian's bond, surety on the bond, having paid the ward on his reaching maturity the agreed value of the estate, became subrogated to the ward's right to sue on the note.

4. **Bills and notes** ⬥106—Execution of note to replace money converted by guardian not against public policy.

The execution of a note by a guardian and others to replace money converted by him is

no more against public policy than would be the replacing of the funds by money, both methods having the same purpose in view.

**5. Subrogation ⌐⇒7(4)—Surety paying ward may sue on note executed by guardian and others to replace money converted, though status of account was not determined by probate court.**

The surety on a guardian's bond, after paying the ward the agreed value of his estate on his reaching maturity, may sue on a note executed by the guardian and others to replace money converted by the former, though the probate court had not determined the status of his account with the ward.

**6. Limitation of actions ⌐⇒178—Surety's suit on note executed by guardian to replace money converted held not barred.**

A petition, alleging that defendant, as guardian, converted a stated amount of his ward's money, to secure repayment of which he and others executed a note on March 11, 1907, and that, on August 9, 1919, after the ward attained his majority, plaintiff, as surety on defendant's bond, settled with the ward for a stated sum, in consideration of which the ward assigned the note to it, showed on its face that the note was executed in the ward's behalf, became a part of his estate, and was a valid and binding obligation that he could enforce when he assigned it, and hence that suit thereon was not barred by the 4-year statute.

**7. Action ⌐⇒46—Surety's suit to set aside fraudulent transfers of guardian's property may be joined with suit on note executed by guardian and others to replace money converted by him.**

A suit by a surety on a guardian's bond to set aside transfers of the guardian's property as intended to defraud his creditors, may be joined with a suit on a note executed by the guardian and others to replace money converted by him, for, after causing an attachment to be levied on such property in the former suit, the question whether it was owned by him or the other parties to the note could be adjudicated in the suit thereon, as an incident to the other suit.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Fidelity & Deposit Company of Maryland against Alfred W. Risien and others. Dismissed as to all the defendants, except the named defendant and another, judgment rendered against them for amount demanded, foreclosure of attachment lien refused, and plaintiff appeals. Reversed and remanded.

Albert B. Hall, of Dallas, for appellant.

Lively & Dougherty, John Fagan, and Muse & Muse, all of Dallas, for appellees.

JONES, C. J. The Fidelity & Deposit Company of Maryland, appellant in this case, brought this suit in the district court against Alfred W. Risien and his wife, Fanny Risien, John T. Risien, and his wife, Kate Risien, F. P. Skelton, S. P. Martin, C. L. Lane, Ross M. Scott, and Ed F. Vanston, on the following state of facts as shown by its petition:

In July, 1901, Alfred W. Risien was appointed guardian of the estate of Clarence A. Risien, a minor, and duly qualified as such. He executed a guardian's bond in the sum of $10,800 with appellant as surety, and this bond was duly approved by the probate court. On March 11, 1907, Alfred W. Risien converted to his own use the sum of $3,955 of the money of his ward that had theretofore come into his hands as guardian. On this day he, together with appellees F. P. Skelton, W. P. Martin, and C. L. Lane, executed their promissory note in favor of Alfred W. Risien, as guardian of the estate of the said minor in the sum of $3,955, the exact amount of the conversion, and said note was made payable three years after date, and bore interest from date at the rate of 10 per cent. per annum. On the 28th day of December, 1918, the minor became of age, and made demand on appellant for the entire amount due him from his guardian. On the 9th day of August, 1919, a settlement was perfected by appellant with the said Clarence A. Risien, by which appellant paid to him the sum of $5,500 in full settlement of any and all liability on account of its becoming surety on the said bond, and, in consideration of the payment of this money at said time, Clarence A. Risien executed a written release and assignment, whereby he released appellant from any and all liability on account of said bond, and assigned and conveyed to it his entire interest in said note for $3,955, and in any and all rights or claims he might have against any one else on account of, or growing out of, the said guardianship. In said release it was stipulated that the assignment therein made and the release executed should not in any way impair or affect any right, or rights, of appellant against any party through subrogation or otherwise.

During at least a portion of the time the guardianship was pending, Alfred W. Risien was the owner of a business house and lot, which was used by him as a business homestead. He, however, failed in business, and some time in the year 1915, he and his wife transferred said place to appellees John T. and Kate Risien for the recited consideration of $1 in hand paid, the assumption of liens against the place, and other valuable consideration. At the time suit was filed the record title to the former business homestead of the said Alfred W. Risien was in the said John T. Risien, but, during the pendency of the suit, it was conveyed to appellees Ross M. Scott and Ed F. Vanston. When suit was filed appellant caused a writ of attachment to issue and be levied on this said property on allegations that it was still owned by the

said Alfred W. Risien, and that the sale to the said John T. Risien was only pretended and a simulated sale, and that the real title to the property was still in Alfred W. Risien, and that the pretended sale was made with the intent to hinder, delay, and defraud his creditors, and especially appellant in the collection of its debt.

Appellant sought judgment against Alfred W. Risien for the amount it had paid out in its compromise settlement with the ward, and also for all expenses it had incurred by reason thereof, under his agreement in writing, made in his application to appellant to become his surety on his guardian bond, that he would indemnify it for all sums of money and expenses that might be occasioned it by virtue of the bond it signed as surety. It also sought judgment against Alfred W. Risien, F. P. Skelton, W. P. Martin, and C. L. Lane on the note executed by them in favor of Risien as guardian, both as assignee of the note and because said note was a part of the estate of the ward, and, by having paid to the ward the entire agreed value of the estate, it became, as a matter of law, subrogated to the rights of the ward. It sought to foreclose its attachment lien on said business property as against Alfred W. Risien and his wife, Fanny Risien, and to set aside as fraudulent the said transfer between the said Risiens and to foreclose its attachment lien as against John T. and Kate Risien; and also to foreclose its attachment lien against appellees Scott and Vanston as purchasers of the property pendente lite.

The trial court having sustained general demurrers to appellant's cause of action in behalf of all parties except Alfred W. Risien and his wife, and, on appellant's declining to amend, having dismissed its suit as to all of said defendants, the trial on its merits proceeded only as against Alfred W. Risien, and judgment was entered against him in favor of appellant for the entire amount demanded in the petition; but the court refused to foreclose the attachment lien prayed for. The case is before this court on assignments of error challenging the ruling of the trial court in sustaining the demurrers. Alfred W. Risien did not appeal.

As against Alfred W. Risien and the appellees, who signed the note, appellant alleged that Alfred W. Risien, as guardian, converted to his own use the sum of $3,955 of his ward's money, and that in consideration thereof, and to secure its repayment the note was executed by the parties and delivered to said guardian; that the conversion of the funds and the execution of the note were on March 11, 1907; and that by reason of the execution of the note each of the parties became indebted to the estate of Clarence A. Risien in said sum, together with the interest and attorney fee provided therein. De-

livery of the note to plaintiff and its ownership therein is also alleged. It is also alleged that the ward attained his majority on the 28th day of December, 1918, and that he thereafter made demand on appellant for an accounting and settlement in the matter of his estate, and that by reason of its obligation on the guardian's bond it made a compromise settlement with said ward in the sum of $5,500; that in consideration of this settlement, the ward executed a written release to appellant, and also an assignment of said note, as well as any right or claim the ward might have against any one growing out of the said guardianship; and that by reason of the premises the appellees, who executed the note, had each become liable and obligated to pay to appellant the sum of $5,-665 and interest thereon from the 9th day of August, 1919, and the attorney fee, less a small credit of $112.90 theretofore paid by Alfred W. Risien.

The court sustained a general demurrer to the cause of action thus alleged against appellees, who executed the note, and also a number of special exceptions, which were each in the nature of a general exception, and doubtless stated the grounds on which the general demurrer was sustained. As shown by said special exceptions, these grounds were: (1) The petition did not allege that the estate of Clarence A. Risien had ever been closed in the probate court of Dallas county; (2) that there was no allegation of any finding or adjudication by said probate court as to the amount of the liability of appellant by reason of its suretyship on the guardian's bond; (3) that there was no privity of contract between appellant and said appellees, and that there was no allegation that they ever bound themselves to pay appellant anything; (4) there was no allegation that the guardian had any authority of the probate court to take the note of himself and said appellees, or that he was ever authorized by the probate court to make a personal loan of the character alleged in said petition; and that by reason thereof the said note was against the plain provisions of the statutes of the state and void; (5) that the petition, showing on its face that the note was executed for no other consideration than an attempt to cover up a default and misapplication of funds, and executed without any authority of law and without any order from the probate court, said note was void because contrary to public policy; (6) because the petition does not allege that the note was ever part of the estate of the ward, or that said appellees were parties to the settlement alleged to have been made with the ward, or that the note was ever transferred by the guardian to appellant, or that appellant ever obtained any right or interest in said note from any one; (7) that said petition shows on

its face that said note was barred by the four-years statute of limitation.

[1-4] We believe the petition stated a cause of action, and is not subject to the general demurrer, or to any of the special exceptions. It is alleged that there was a conversion of the ward's funds by the guardian, and that, in consideration of this violation of duty on his part, this note was executed by Alfred W. Risien, in his individual capacity, and by these three appellees, and made payable to Alfred W. Risien, the guardian of the estate of the minor. It was clearly the duty of this guardian to at once replace this money. It was a duty he not only owed to his ward, but a duty he also owed to appellant as his surety. This he attempted to do, not in a manner that could be accepted by the probate court as full satisfaction for the converted funds, nor in a manner that would relieve the bond; but it was certainly not against public policy to make an attempt to undo the wrong that he had done both to the ward and to the surety. To make it a binding obligation on the appellees who joined the guardian in the execution of this note, it was not necessary that the note be approved and accepted by the probate court, or that it be reported to the probate court. It is certainly supported by the valid consideration that is alleged, to wit, that it was executed because of the default made by the guardian. It therefore became a part of the ward's estate, but not such property as the ward could be forced to accept in lieu of the bond that secured his funds. However, the ward, when he reached his majority, could have accepted this note in lieu of the bond, and could have maintained suit against appellees on this note if he had deemed it a safer course than to look to the surety on the bond, or could have maintained suit against the surety on the bond and the makers of the note. The execution of a note to replace money that had been converted is no more against public policy than would be the replacing of the converted funds with money. Both methods have the same purpose in view. The only difference is that in the degree of the accomplishment of the same purpose. Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150.

[5] The contention that this suit could not be maintained because the probate court had not determined the status of the account between the guardian and his ward is like-wise unsound. Am. Surety Co. of N. Y. v. Hardwick (Tex. Civ. App.) 186 S. W. 805.

[6] The petition does not show on its face that the note is barred by limitation. On the other hand, the petition shows on its face that the note was executed in behalf of the ward, and became a part of his estate, and was a valid and binding obligation that he could enforce at the time he assigned same to appellant. If at a trial on its merits the facts should be developed that it was given at the instance and in behalf of appellant to indemnify it by reason of its suretyship, a different question would be raised, and upon which we are not now passing, because not before us. The petition alleging a cause of action by appellant to realize on a claim which was a part of the estate of the ward, and which, for a valid consideration, had been assigned to appellant, we hold that the trial court erred in sustaining the general demurrer and the special exceptions.

[7] Substantially the same exceptions above discussed were urged by the other appellees herein and sustained by the court. What we have said in reference to those exceptions applies to the exceptions of the other appellees, and we hold that the court likewise erred in sustaining a general demurrer and the special exceptions at their instance. This, however, does not dispose of the exception urged by these other appellees as to a misjoinder of causes and parties. The lower court held that appellant could not join its suit to set aside the transfers of the business property, theretofore owned by Alfred W. Risien, with its suit to recover on the note. In this ruling we think the court erred. In its suit against Alfred W. Risien, by making the proper showing by affidavit, as the petition shows was done in this case, it could cause an attachment to issue and be levied on property owned by Alfred W. Risien. It could then have adjudicated in this suit the question as to whether this property was actually owned by Risien or whether its ownership was in the other parties. This is an incident to the other suit, and, under the liberal procedure obtaining in this state in reference to joinder of causes, it was clearly allowable, and the court erred in sustaining this exception.

For the errors above pointed out, the judgment of the lower court as to all parties is reversed and remanded for trial not inconsistent with this opinion.