**FIDELITY & DEPOSIT CO. OF MARYLAND v. RISIEN et al. (No. 7571.)**

(Court of Civil Appeals of Texas. San Antonio. May 12, 1926. Rehearing Denied June 2, 1926.)

**1. Bills and notes ⬤═92(1)—Guardian's note, indorsed by others for amount misappropriated from estate of ward, held supported by sufficient consideration.**

Note of guardian, indorsed by others for moneys misappropriated from estate of ward in order to give guardian time to restore money and protect surety on his bond, held supported by sufficient consideration.

**2. Bills and notes ⬤═106—Principal and surety ⬤═175.**

Where guardian misappropriated money of ward, his note, indorsed by others to protect estate and indemnify surety, held not invalid or illegal; there being no showing of fraud or threat of prosecution.

**3. Bills and notes ⬤═104—Principal and surety ⬤═175.**

Promise not to prosecute guardian for misapplication of funds held not to 'invalidate note executed by guardian to protect estate and surety on his bond.

**4. Bills and notes ⬤═524.**

Possession of note which is not indorsed by payee does not raise presumption of ownership.

**5. Bills and notes ⬤═106—Principal and surety ⬤═175.**

Where guardian misappropriated funds of ward's estate, that his note, indorsed by others, and becoming part of estate of ward, also protected surety on his bond, held no objection to validity of note.

**6. Bills and notes ⬤═106.**

That note of guardian, to cover misappropriation of funds, and becoming part of estate of his ward, was procured by surety on his bond, held not to affect validity of note.

**7. Guardian and ward ⬤═64.**

Note for amount of guardian's misappropriations, executed and made payable to guardian of estate, held to become property of estate, notwithstanding possession was delivered to surety on guardian's bond.

**8. Limitation of actions ⬤═72(4).**

Limitation held not to begin to run against note covering guardian's misappropriations made payable to guardian of infant's estate until latter reached his majority.

**9. Subrogation ⬤═7(4).**

Surety, settling with estate of ward, is subrogated to all rights of estate as against maker of note covering guardian's misappropriations belonging to estate and sureties thereon.

**10. Bills and notes ⬤═104.**

That surety on guardian's bond induced guardian to execute note to estate to cover mis-appropriated fund in order to avoid prosecution would not invalidate note otherwise supported by sufficient consideration.

**11. Appeal and error ⬤═882(17).**

Party, seeking by motion to obtain judgment on answers to issues submitted to jury, is precluded from complaining of findings of jury.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the Fidelity & Deposit Company of Maryland against Alfred W. Risien and others. From a judgment in his favor against the defendant named, but denying relief as to other defendants, plaintiff appeals. Reversed and rendered.

See, also, 248 S. W. 1105.

W. T. Whitehurst and Albert B. Hall, both of Dallas, for appellant.

Muse & Muse, Lively & Dougherty and J. J. Fagan, all of Dallas, for appellees.

Fly, C. J. This is a suit by appellant to recover of Alfred W. Risien, Fannie Risien, his wife, John T. Risien and his wife, Kate Risien, F. P. Skelton, W. P. Martin, C. L. Lane, Ross M. Scott, and Ed. F. Vanston, the sum of $5,665, less a credit of $112.90. The cause was tried by jury, and the case submitted on special issues, and judgment was rendered on the answers in favor of appellant as against Alfred W. Risien in the sum of $8,103.89, less the sum of $112.90, but against appellant as to Fannie Risien, John T. Risien and his wife, Kate Risien, Ross M. Scott, Ed. Vanston, F. P. Skelton, and W. P. Martin.

It was alleged in the second amended petition that Alfred W. Risien had, in 1901, been appointed guardian of the estate of Clarence A. Risien, a minor, and filed a bond for $10,800 with appellant as his surety; that said guardian, on March 11, 1907, converted to his own use $3,955 belonging to said minor, and in order to secure its repayment the said Alfred W. Risien, in his individual capacity, and F. P. Skelton, W. P. Martin, and C. L. Lane, executed to Alfred W. Risien, guardian, a promissory note in the sum of $3,955, due three years after date and bearing interest at the rate of 10 per cent.; that on December 28, 1918, the ward, Clarence A. Risien, attained his majority, and demanded of appellant a settlement of his estate, and appellant, in settlement thereof, paid him, on August 9, 1919, the sum of $5,500, and obtained a written release of further liability on the guardian's bond, and also conveyed to appellant all his interest in said note for $3,955; and that said Alfred W. Risien had agreed in writing to indemnify appellant for all loss on account of its suretyship on the bond. It was further alleged that on November 1, 1915, Alfred W. Risien

was the owner of lots 5 and 6, block M., of the city of Carrollton, which he occupied as a business homestead, of which he made a pretended sale with a condition of defeasance to his brother, John T. Risien; that the expressed consideration was $1 and the assumption by John T. Risien of certain vendor's lien notes held against said property by J. B. Adoue; that it was provided in the conveyance that, upon payment of the notes by Alfred W. Risien to John T. Risien, the land should be reconveyed to Alfred W. Risien, and Fannie Risien, and that said conveyance was made for the purpose of defrauding creditors, and that the same has been abandoned as a homestead by Alfred W. and Fannie Risien; that on October 28, 1920, John T. Risien and Kate Risien made a pretended warranty deed to said lots to Ross M. Scott; that Scott, acting as attorney and agent for A. W. Risien, paid J. B. Adoue $404.26 in satisfaction of a mechanic's lien held by Adoue, and procured a transfer of said lien from said Adoue to Ed. F. Vanston, in order to show that said lien was still subsisting; that appellant, on September 3, 1919, received from A. W. Risien $112.90, to be applied on his indebtedness to appellant.

The jury found that appellant, with knowledge of the misapplication of funds belonging to the estate of the minor by A. W. Risien, guardian of the estate of said minor, for the purpose of indemnifying it against loss as surety on the bond of said guardian, procured from A. W. Risien, F. P. Skelton, and W. P. Martin a promissory note, of date March 11, 1907, payable three years after date in the sum of $3,955, with interest at 10 per cent. per annum from date and 10 per cent. attorney's fees if not paid at maturity; that, when the note was executed, it was represented that the note was executed for the purpose of giving A. W. Risien three years in which to restore the money to the ward's estate and to protect and indemnify appellant, in the event A. W. Risien failed to repay the funds he had appropriated, and it was not agreed at and prior to the time the note was executed that notes belonging to the A. W. Risien business should be collected and applied on said note. The jury also found that appellant induced A. W. Risien to execute the note sued on to avoid criminal prosecution. It was also answered by the jury that the conveyance of the business homestead by A. W. Risien and wife to John T. Risien was not a pretended sale, but was made to vest title in John T. Risien; the consideration being the payment of a $500 debt to the vendee and his assumption of payment of debts secured by liens on the business homestead; the right to repurchase the property being a part of the agreement.

The facts show that appellant paid the ward, in a settlement of the affairs of his guardian, the sum of $5,500, and he authorized appellant to collect the note sued on in this case.

[1] The evidence clearly disclosed, as in effect found by the jury, that the note sued on was procured by appellant for the protection of the estate and guardian, as well as to offer some indemnity for the surety who would be liable on the bond for the misappropriation of the funds of the estate by the guardian. There was no proof of any threat of prosecution made by appellant to procure the note, for the guardian was fully cognizant of the fact that he had committed a crime in using the money of his ward and was willing to give the note while he might obtain time in which to return the money. There was a valuable consideration for the execution of the note, which became not the property of appellant, but an asset of the estate of the ward.

The evidence probably sustained the answers to all the issues submitted, except the answer to the sixth issue as to the execution of the note having been obtained by a promise not to disclose to the probate court the fact of the misappropriation of the funds of the estate. All alleged promises to collect other notes of A. W. Risien and credit the proceeds on the note given by Risien, Martin, and Skelton to the guardian, were negatived by the answer of the jury to the third issue. That issue is as follows:

"Was it agreed between the plaintiff company and A. W. Risien and the defendants Skelton and Martin, at and prior to the execution and delivery by them of the note sued on, that the existing notes and accounts in the then business of A. W. Risien should be collected and applied upon said note within the three years to the maturity of said note sued on, and that plaintiff would supervise the collection of such notes and accounts and apply such collections thereon?"

That issue was answered in the negative and destroyed the only attempted defense to the note as to fraud, offered in the evidence by Martin and Skelton.

[2, 3] This is a second appeal of this case; the former appeal having been disposed of by a reversal of a judgment sustaining a general demurrer to the petition of the appellant. Fidelity & Deposit Co. v. Risien (Tex. Civ. App.) 248 S. W. 1105. On that appeal it was held that the note given to replace money of an estate misappropriated by the guardian was supported by a valid consideration and was binding, although not approved by the probate court. It was also held that, when the amount of the misappropriation was paid by the surety to the ward, the surety became subrogated to the rights of the estate to sue on the note, and that the execution of the note was not contrary to public policy. It was also held that on the face of the petition the note was not barred by limitation. The court also held:

"If at a trial on its merits the facts should be developed that it [the note] was given at the instance and in behalf of appellant to indemnify it by reason of its suretyship, a different question would be raised, and upon which we are not now passing, because not before us."

[4] The question upon which the Court of Civil Appeals of the Fifth District declined to pass is now before this court and must be met. The evidence undoubtedly shows, as found by the jury, that the note was one intended to be a part of the estate of Clarence A. Risien, but also was obtained from the guardian and Skelton and Martin to indemnify appellant, the guardian's surety on his bond, from loss on account of money belonging to the estate having been appropriated by the guardian to his own use and benefit. There was nothing invalid or illegal in obtaining such a note and the evidence fails to show any such fraud or duress as would invalidate the note. The sureties were in possession of all the facts surrounding the execution of the note. There were no threats made against A. W. Risien by appellant, and the promise, if one was made, not to prosecute the guardian for his misapplication of the funds of the estate, could not invalidate the note. The jury found that Davis, the agent of appellant, openly stated to Skelton and Martin that three years' time for payment of the note was given to extend an opportunity to the guardian to restore the money he had appropriated and to protect and indemnify the appellant in case of the failure of the guardian to restore the money. There is no foundation in the verdict of the jury or in the facts for a judgment in favor of Skelton and Martin on the ground of fraud or misrepresentation inducing the execution of the note. The findings of the jury show that the object in procuring the execution was not a criminal or even a reprehensible one, but was for the legal purpose of securing to the estate of the ward the repayment of money misapplied by the guardian. If appellant had desired, it could, within the law, have told the guardian that he must repay the money due the estate or secure it, or that appellant would make known the misappropriation and open the way for a prosecution, and would have been justified in so doing. The jury did not find that the note was delivered to appellant, and not to the guardian, although the evidence shows that the note was left in the hands of Davis, the agent of appellant. The fact that the note was left in the possession of appellant did not change the payee in the note or change its character as an asset of the estate. The note was made payable to the guardian, and that impressed it with the character of estate property, and appellant at no time had the right or authority to institute suit on the note until it was transferred to it by the for-

mer ward. The note was not payable to bearer, but to a designated payee, A. W. Risien, guardian of the estate of Clarence A. Risien, and mere possession of the note by appellant did not raise the presumption of ownership unless it had been indorsed by the payee. Daniel. Neg. Instr. § 812. In no way did appellant assert ownership in the note and when it made a settlement with the ward it recognized his ownership in the note by requiring a transfer of the note to appellant. There is no evidence tending to show that it was intended by the delivery of the note to appellant to transfer ownership in it, but, on the other hand, it can reasonably be inferred that appellant took possession of the note to protect the estate, as well as itself, from a destruction of the note by a guardian who had already appropriated the funds of the estate. Common sense and discretion would dictate such action. If it had been intended to make the note the property of appellant, it would seem reasonable that it should have been made to appellant, and not the guardian of the estate, thereby rendering it impossible for appellant to collect it.

[5, 6] The evidence did not show, as insisted by attorneys for Skelton and Martin, any illusion between appellant and the guardian to conceal from the probate court the true condition of the estate of the ward, and there is nothing to show that the note did not become the property of the estate. The language of the note made it a part of the estate of the ward. It does not matter that in protecting the estate it also protected the surety on the guardian's bond. The two interests were not antagonistic or inimical. The facts do not show and it cannot be assumed that the note was appropriated by the surety company and was not intended to become an asset of the estate. The verdict of the jury authorizes no such assumption and the facts fail to show it. We see nothing criminal or illegal on the part of appellant in procuring the note. The sureties willingly signed the note to save their friend, and now they are trying to avoid paying the note given to save, and which did save, their friend.

[7, 8] When the note was executed and made payable to the order of the guardian of the estate, it at once became the property of the estate, no matter who held possession of it. Its delivery to the surety on the guardian's bond did not change the ownership of the note. Anderson v. Walker, 93 Tex. 119, 53 S. W. 821; Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150; United States Fidelity Co. v. Adoue & Lobit, 104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 667. Limitation did not begin to run against the note until the ward reached his majority.

104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 667.

In the cited case of Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150, a guardian, who had misappropriated funds belonging to the estate of his ward, borrowed money to replace it, and placed it in a solvent bank, taking a certificate of deposit as guardian, which with other securities he placed in the hands of his sureties, and the Supreme Court held that the deposit became the property of the estate of the ward. The evidence showed that the bank would have paid the deposit to the sureties on presentation of the certificate. The court held that the fact that the certificate of deposit was placed in the hands of the sureties to indemnify them did not affect the title of the estate to the money, "but, on the contrary, evinces a purpose to preserve it for the benefit of the estate, and in their hands, as such securities, the money was in law in the possession of the estate and belonged to the estate." That language applies with peculiar force to this case.

In the cited case of U. S. Fidelity Co. v. Adoue & Lobit, 104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 667, a guardian was in arrears and borrowed money to repay the estate and deposited it in a bank, taking a certificate of deposit as guardian; a receipt being taken showing that the money was held subject to the order of the sureties to whom the guardian indorsed the certificate. The court held that the money belonged to the estate of the ward.

[9] Under the authority of Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423, when appellant settled with the estate of the guardian it was subrogated to all rights of the estate as against the maker of the note and his sureties thereon.

[10] There was no evidence to sustain the finding of the jury that appellant induced the guardian to sign the note to avoid prosecution. Even A. W. Risien would not swear to it; but if it had been true that would not have invalidated the note, because there was ample consideration to support the note. Theuber v. Marek (Tex. Civ. App.) 222 S. W. 293.

[11] Appellant sought by a motion to obtain a judgment on the answers to the issues submitted by the court against Alfred W. Risien, F. P. Skelton, and W. P. Martin in the sum of $5,565, with interest thereon at the rate of 6 per cent. per annum from August 9, 1919, less the sum of $112.90, with interest thereon at the rate of 6 per cent. per annum from September 3, 1919, with 10 per cent. on the amount of the judgment for attorney's fees, and furthermore that appellant was not entitled to judgment against John T. Risien and his wife, Kate Risien, Fannie Risien, Ross M. Scott, and Ed. Vanston or either of them, and they should recover their costs. Appellant asked that C. L. Lane, deceased, be dismissed from the suit. The motion was overruled, but, under the facts found by the jury and the undisputed facts contained in the statement of facts, should have been granted. By filing the motion appellant assented to the judgment presented by it and cannot complain of any findings of the jury. Appellant drew up the judgment it desired, and, under the verdict and the facts, that judgment should have been rendered.

The judgment is reversed, and judgment here rendered as requested by appellant in its motion for judgment.